Copy

## IN THE SUPERIOR COURT
## OF GUAM

THE PEOPLE OF GUAM,      )     Criminal Case No.: CF0017-12

v.      )

     )      **DECISION AND ORDER**
     Re: Motion to Dismiss Indictment

MICHELE T. UNGACTA,      )

     Defendant.      )

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on May 9, 2012. The People were represented by Assistant Attorney General Elizabeth Vasiliades. The Defendant was represented by Attorney F. Randall Cunliffe. After considering the matter presented, the Court issues the following decision and order granting in part and denying in part the Defendant's motion to dismiss the indictment. The Court concludes that the Second, Third, and Fourth Charges of the Superseding Indictment may proceed in the prosecution. However, the First Charge, the Simple Stalking charge, is dismissed without prejudice.

## BACKGROUND

On March 7, 2012, a superseding indictment was filed charging the Defendant with Simple Stalking, Harassment, Obstruction of Government Function, and two counts of Official Misconduct. On April 11, 2012, the Defendant filed a motion to dismiss the indictment. The Defendant argues that the first charge, Simple Stalking, should be dismissed because some of the criminal conduct presented to the grand jury falls outside of the three-year statute of limitations. The Defendant also argues that the indictment fails to properly advise her of the charges against her as contained in the Second, Third and Fourth Charges. Lastly, the

Defendant challenges the indictment asserting that the Second, Third and Fourth Charges are duplicitous.

## DISCUSSION

### 1. Statute of Limitations for Simple Stalking Charge

Defendant moves to dismiss the Simple Staling Charge because some of the criminal conduct presented to the grand jury falls outside of the three year statute of limitations. The Simple Stalking charge has a statute of limitations of three years. 9 GCA §§ 19.70(a) and (d); 8 GCA § 10.20(c). Because the grand jury returned the indictment on January 17, 2012,[1] any conduct occurring prior to January 17, 2009 would fall outside the statute of limitations. The superseding indictment, however, includes conduct occurring as far back as December 1, 2008.

The People respond that the indictment is timely alleging that the Simple Stalking charge is a continuing offense. Statutes of limitations generally begin to run when a crime is complete. *Toussie v. United States,* 397 U.S. 112, 115 (1970). Where there is a continuing offense such as a conspiracy, however, the limitations period begins to run at the end of the last act that was part of the offense. *United States v. Amirnazmi,* 645 F.3d 564, 592 (3d Cir. 2011). The People characterize Count I as a continuing offense because it requires repeated acts by the Defendant, and they argue that the statute of limitations did not begin to run until the continuous commitment of the offense was completed.

Regardless of whether the Simple Stalking is a continuing offense or whether there was sufficient evidence presented to the Grand Jury, the Court finds that the Simple Stalking charge as stated in the superseding indictment is facially deficient. The first charge reads as follows:

On or about the period between December 1, 2008 through December 31, 2011

---

[1] The Court notes this was the first indictment issued against the Defendant, which was eventually superseded on March 7, 2012.

inclusive, in Guam, Michele Therese Ungacta did commit the offense of Simple Stalking, in that she did intentionally, willfully, maliciously and repeatedly follow and harass another person, that is, E.U., in violation of 9 GCA §§ 19.70(a) and (d).

This charge is facially deficient because the Court cannot determine whether the Grand Jurors relied upon matters to return the indictment which occurred outside the statute of limitations. For instance, all conduct occurring prior to January 17, 2009 falls outside the statute of limitations. Thus, it is possible that the Grand Jury relied upon matters which occurred prior to January 17, 2009. It is also possible that the Grand Jury relied upon matters which occurred after January 17, 2009. Because the Court cannot definitively determine what the Grand Jury relied upon, the Court does not expect the Defendant to do so. Thus, the Court must dismiss Count I of the indictment without prejudice for such deficiency.

**2. Sufficiency of the Indictment**

Defendant's next challenge to the indictment alleges that the Second, Third, and Fourth Charges are insufficient under 8 GCA § 55.10. The test by which the sufficiency of an indictment, criminal information or complaint is analyzed does not differ. 8 GCA § 55.10. Section 55.10(a) provides,

> (a) The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall be signed by the prosecuting attorney. It need not contain a formal commencement, a formal conclusion or any other matter not necessary to such statement. Allegations made in one count may be incorporated by reference in another count. It may be alleged in a single count that the means by which the defendant committed the offense are unknown or that he committed it by one or more specified means.

8 GCA § 55.10(a). An indictment is sufficient where, "it contains the elements of the crime alleged, adequately informs the defendant of the crime to allow him to defend against the charges, and is stated with sufficient clarity to bar subsequent prosecution for the same

offense." *Guam v. Jones*, 2006 Guam 13, ¶3. When analyzing sufficiency "[i]t is also well established that an indictment should be read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied." *Id.*

The language a charging document must constitutionally contain was re-analyzed by the U.S. Supreme Court in *U.S. v. Resendiz-Ponce.* 549 U.S. 102, 106 (2007). In *Resendiz-Ponce,* the defendant was charged with attempted reentry into the United States after having been previously deported. *Id.* at 102. He challenged the sufficiency of his charging document arguing that was constitutionally deficient because it did not specify the particulars of his attempts to re-enter the U.S.: that he walked into an inspection area; that he presented a misleading identification card; or that he lied to the inspector. *Id.* 107-109. Instead, the complaint replicated the statutory language and identified the place and time. *Id.* Justice Stevens authoring the opinion first explained that there are, "two constitutional requirements for an indictment: 'first, [that it] contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, [that it] enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *Id.* at 107 (internal citations omitted). It then held, after explaining some of the ways the word attempt could be defined, that, "[i]n this case, the use of the word 'attempt,' coupled with the specification of the time and place of respondent's attempted illegal reentry, satisfied both. Indeed, the time-and-place information provided respondent with more adequate notice than would an indictment describing particular overt acts." *Id.*

In this case, the indictment language of the superseding indictment was clearly sufficient to allow the Defendant adequate notice under the above standard. The language of the superseding indictment viewed in its entirety contains specific allegations of time and place

for each charge. Furthermore, the Court is not persuaded that the statutory language in the Second, Third and Fourth Charges are, as was held by *Resendiz-Ponce*, so frequently uncertain but invariable as to preclude fair notice to Defendant. *Id.* at 109. Defendant's motion to dismiss for insufficiency of the Second, Third and Fourth Charges will thus be denied because the indictment contains the elements of all the offenses and sufficiently gives Defendant notice of the charges.

### 3. Duplicity

Lastly, Defendant alleges that the Second, Third, and Fourth Charges of the superseding indictment are duplicitous. She asserts that the duplicity will prejudice her by precluding jury unanimity. An indictment is duplicitous where a single count joins two or more distinct offenses. *United States v. Ramirez-Martinez*, 273 F.3d 903, 913 (9th Cir. 2001). The requirement that multiple offenses be charged in separate counts is intended to eliminate the constitutional problems created when two or more offenses are joined in a single count. "A duplicitous indictment compromises a defendant's Sixth Amendment right to know the charges against him, as well as Fifth Amendment protection against double jeopardy." *United States v. King*, 200 F.3d 1207, 1212 (9th Cir. 1999). A duplicitous indictment also carries with it the risk of a non-unanimous verdict on the duplicitous count. *United States v. Aguilar*, 756 F.2d 1418, 1420 (9th Cir. 1985). Even if an indictment is duplicitous, a defendant must be prejudiced to receive relief; the risk of a nonunanimous verdict is one recognized source of prejudice." *U.S. v. Miller*, 520 F.3d 504, 512 (5th Cir. 2008). It held, "The danger of a nonunanimous jury verdict may be avoided by proper jury instructions." *Id.*

In this instance, however, the Court need not reach the necessity of curative measures. The Charges in question contain a description of single statutory offenses and their necessary

elements. As such, the Court cannot find that the Grand Jury indictment could have thus prejudiced the Defendant.

## CONCLUSION

Based on the foregoing, the Court concludes that the Second, Third, and Fourth Charges of the Superseding Indictment may proceed in the prosecution. However, the First Charge, the Simple Stalking, charge is dismissed without prejudice. Therefore, Defendant's Motion to Dismiss is GRANTED in part.

The Court also recognizes that there is a pending Motion to Quash Subpoena and Subpoena Duces Tecum. A Motion Hearing on the matter shall be heard on _Aug 23, 2012_ at _10:00AM_

SO ORDERED, this 9th day of August 2012.

Original Signed By:
HON. MICHAEL J. BORDALLO

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

AUG - 9 2012

James R. Borja
Deputy Clerk, Superior Court of Guam